IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-212-TAV-HBG |
| | ) | |
| GREGORY LEWIS, and | ) | |
| LEJUAN DAWKINS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 26, 2019, for an arraignment on the Superseding Indictment [Doc. 39] and a motion hearing on Defendant Lewis's Motion to Continue Trial and Related Deadlines [Doc. 34], filed February 4, 2019. Assistant United States Attorney Brent Nelson Jones appeared on behalf of the Government. Attorney Joshua D. Hedrick represented Defendant Lewis. Attorney Jonathan S. Wood represented Defendant Dawkins. Both Defendants were also present.

Defendant Lewis asks the Court to continue the March 12 trial date and the related deadlines in order to give counsel time to complete his review of discovery. He states that discovery is voluminous and includes numerous reports, video recordings, telephone records, and photographs. On February 5, 2019, the Government responded [Doc. 35] that it did not oppose Defendant Lewis's motion and that a trial continuance would further the ends of justice.

At the February 26 hearing, Mr. Hedrick stated that he had discussed the speedy trial issues attendant to the motion with Defendant Lewis and that the Defendant agrees all the time until a new trial date would be excludable. Mr. Wood stated that Defendant Dawkins had nothing to add to the discussion. AUSA Jones confirmed that the Government was not opposed to a continuance of the trial and other deadlines in this case. The parties agreed on a new trial date of July 23, 2019.

The Court finds Defendant Lewis's motion to continue the trial and other deadlines is unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). On February 20, 2019, the Defendants were charged in a Superseding Indictment [Doc. 39] with a conspiracy to distribute heroin and fentanyl (Count One). Defendant Lewis is also charged with six counts of distribution of fentanyl (Counts Three, Four, Five, and Six) or both fentanyl and heroin (Count Nine) or marijuana (Count Ten), three counts of possession of a firearm in furtherance of drug trafficking crimes (Counts Two, Seven, and Eleven), and one count of being a felon in possession of firearms and ammunition (Count Fourteen). Defendant Dawkins is charged with four counts of distribution of fentanyl (Counts Four and Twelve) or fentanyl and heroin (Count Nine) or marijuana (Count Ten), with one count of possession of a firearm in furtherance of drug trafficking crimes (Count Thirteen), and with one count of being a felon in possession of a firearm and ammunition (Count Fifteen). Counsel for Defendant Lewis relates that initial discovery in this case was voluminous.

The Court finds that counsel for Defendant Lewis needs additional time to complete his review of discovery, to confer with the Defendant, to prepare and file any pretrial motions, and to

prepare this case for trial.[1] Following the filing of pretrial motions, the Government will need time to respond, and the Court will need time to hear and rule on any motions. Defense counsel will also need time to locate and interview witnesses and to prepare for trial. The Court finds that all of this cannot take place before the March 12 trial date or in less than five months. Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite his use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant Lewis's Motion to Continue Trial and Related Deadlines [**Doc. 34**] is **GRANTED**. The trial of this matter is reset to **July 23, 2019**. The Court also finds that all the time between the filing of Defendant Lewis's motion on **February 4, 2019**, and the new trial date of **July 23, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The new deadline for filing pretrial motions is **March 26, 2019.** The filing of additional pretrial motions is not restricted to certain counts or discovery. Responses to pretrial motions are due on or before **April 9, 2019**. If any motions requiring a hearing are filed, Chambers will contact the parties to schedule a motion hearing for a date during the week of April 22, 2019. The parties are to appear before the undersigned for a final pretrial conference on **July 9, 2019, at 11:00 a.m.** This date will also be the new deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **July 8, 2019**. Special requests for jury instructions shall be submitted to the District Judge no later than **July 12, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED:**

---

[1] The Court observes that a plea agreement [Docs. 44-45] for Defendant Dawkins was filed on the day of the hearing. Thus, the Court concludes that Defendant Dawkins does not appear to be proceeding to trial.

(1) Defendant Lewis's Motion to Continue Trial and Related Deadlines [**Doc. 34**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **July 23, 2019**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the filing of the Defendant's motion on **February 4, 2019**, and the new trial date of **July 23, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is **March 26, 2019**;

(5) Responses to motions are due on or before **April 9, 2019**;

(6) Motions *in limine* must be filed no later than **July 8, 2019**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **July 9, 2019, at 11:00 a.m.**;

(8) The new deadline for concluding plea negotiations and providing reciprocal discovery is also **July 9, 2019**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **July 12, 2019**.

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge